ENRIQUE ENRÍQUEZ, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 999.    Submitted June 24, 1937.—Decided July 31, 1937.

*José Sabater* for appellant.    The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On May 7, 1937, Enrique Enríquez and his wife, Zenaida Polanco, appeared before a notary public and executed a "deed for the cancellation of a record because the property recorded does not exist," which deed was presented for record in the registry, and caused the following ruling:

"Record is denied of the foregoing instrument, as it appears that the record sought to be canceled was made by virtue of a judicial writ, in consequence of an order of the District Court of Mayagüez dated May 1, 1935, in a dominion title proceeding instituted by Enrique Enríquez, and that according to Title IV, Paragraph 3 of Section 6766 of the Mortgage Law in effect, and the constant jurisprudence of the Hon. Supreme Court of Puerto Rico and the General Directorate of the Registries of Spain, it is an indispensable requisite for the cancellation of records or entries made in virtue of judicial writs, that there be rendered an executory order by the corresponding court, that the proper writ be issued; and having in mind also that when a record is made in the registry it remains under the custody of the courts of justice, which are the only ones that have power to determine in the corresponding suit the validity or nullity of the same, and that such question can not be raised in an administrative appeal, . . . ."

Feeling aggrieved by this decision Enríquez appealed to this Court. He maintains that, as appears from the instru-

ment of which record was denied, he had prosecuted a dominion title proceeding concerning a property of thirty acres (*cuerdas*) as being located partly in the municipality of Las Marías and partly in that of Maricao and the court having so decided, the record was made according to law in the books pertaining to said municipalities; but as he subsequently became aware that in reality the 14 acres of the property described as situated in the ward Bucarabones of Maricao pertaining to the Registry of Property of San Germán, did not exist, he thought that the record thereof should be canceled, for which purpose he executed the notarial deed, and he claims that the refusal of the registrar was based on the letter of the law without taking into consideration its spirit.

The last paragraphs of his petition reads as follows:

"In this specific case, the court approved the dominion title proceeding which referred to the property situated in the Municipality of Maricao within the mortgage district of San Germán and the court has no further interest whatever; it decided the right to record the dominion of that part of the property and had nothing else to do concerning the same, and there is no need of resorting to the court seeking the issuance of a writ for the cancellation of such record, as the immovable does not exist, no one is prejudiced, there is no third party and there is no person to be summoned to appear to object or consent to the cancellation of a right which belongs only to the appellant.

"Of course, as Morell explains, since the property does not exist, its record may remain in the registry forever because it does not mean anything nor does it prejudice any one; but in this country the records of properties in the registries of properties are notified by the registrars to the Treasurer of Puerto Rico for the purpose of fixing the taxes which they must pay to the People of Puerto Rico and the appellant faces the situation that taxes will be imposed on him on a property which does not exist and which was proved not to exist when the property was sought to be included in the tax census, and for said reason the appellant has been compelled to ask for the cancellation of his title."

There is no doubt that the easiest and less expensive procedure has been that followed by the appellant in this case. Probably no prejudice would be caused to any one if we consented to the cancellation, but we think that the refusal was based strictly on the law and must be maintained.

Section 82 of the Mortgage Law provides:

"Sec. 82. Records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives signify their consent to the cancellation.

"Notwithstanding the provisions of the foregoing paragraph, the records or entries referred to therein may be canceled without said requisites when the recorded right is extinguished by a provision of law, or it so appears from the recorded instrument itself.

"Records or entries made under a court order may be canceled only by virtue of final orders of the character mentioned in the first paragraph of this article.

"⸱     ⸱     ⸱     ⸱     ⸱     ⸱     ⸱     ⸱     ⸱"

The distinction made by the law maker between the cancellation of records made by virtue of a deed and those made by judicial writ is explicit. For the latter the only method is by a judicial order. It can be understood that it be so. If resort was made to the judicial authority in order to make the record, it is logical that resort be made to it again for it to order its cancellation.

It was to the District Court of Mayagüez in this specific case that the appellant resorted to establish ownership of his property following the procedure outlined by Section 395 of the Mortgage Law. It was in virtue of the claim made, of the evidence offered to it, and the compliance with the other legal requisites, that the court declared that the ownership had been proved, its judgment constituting the title which served as a basis for the record. What was stated in the deed of cancellation amounted to an alteration of said judgment, which alteration should only be made by the very

power which rendered the judgment once that it were convinced of the justice of the case.

The citation made by appellant of the decision of the General Directorate of Registries of September 22, 1893, mentioned by Galindo, to the effect that a cancellation ordered in suits of voluntary jurisdiction is not recordable, does not have the general scope which seems to be attributed to it. Said decision is reported in full in the volume which contains the decisions corresponding to the years 1892–95, pages 388 to 394. Six are its findings. It will be sufficient to transcribe three of them in order to see that their scope is not unlimited, but is circumscribed to the case decided. They are as follows:

"Considering that without prejudging the question of preference which is raised by the first part of the decision appealed from, there is no doubt it can not be determined in this proceeding as also that it should not have been passed upon, since the preference of a credit is a matter of the exclusive cognizance of the courts, and once established by the latter, it is not permissible for the Registrar to alter the same as otherwise his decision would affect the very basis of the judicial determination something which is absolutely prohibited to him;

"Considering that the cancellation involved in this appeal has been ordered in a proceeding of voluntary jurisdiction prosecuted at the instance of the attorney for Mrs. Josefa Marqués after the termination of the administrative procedure;

"Considering that to admit as good the cancellation in question would amount to an acknowledgment that the mortgages and liens recorded can be extinguished by a judicial order obtained in proceedings of voluntary jurisdiction against the definite provisions of Section 83 of the Mortgage Law, subject only to one exception, which arises from Sections 1490 and 1518 of the Law of Procedure, without the judgment of May 12, 1888, having created any other exception;"

The appeal must be dismissed and the decision appealed from affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.